**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTEN DIVISION**

| | |
|---|---|
| SYMMETRIX STUDIOS LLC, | Case No. 26-cv-5336 |
| Plaintiff, | |
| v. | **REDACTED COMPLAINT** |
| THE DEFENDANTS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

**REDACTED COMPLAINT**

Plaintiff SYMMETRIX STUDIOS LLC ("Plaintiff") hereby brings the present action against the Defendants identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. §106, *et seq*, 28 U.S.C. §§1331 and 1338(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this copyright action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

1

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores operating listed on e-commerce platforms under the seller aliases identified in Schedule A attached hereto (the "Aliases"). Defendants target the said consumers using one or more Seller Aliases, and offered shipping to the said consumers located in Illinois as shown in Exhibit 2.

## II.    INTRODUCTION

4. Plaintiff files this action against the Defendants listed in Schedule A for the alleged infringement upon Plaintiff's registered copyright (hereinafter, "Asserted Copyright"). Plaintiff alleges that Defendants' actions constitute infringement upon Asserted Copyright, and negatively impact Plaintiff's goodwill and business reputation.

## III.    THE PARTIES

5. Plaintiff is a Limited Liability Company (LLC).

6. Defendants are individuals and business entities that own and operate one or more of the e-commerce stores with or under the Aliases identified on Schedule A.

7. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding

2

the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## IV.    GENERAL FACTS

8.      The copyrighted design was created in ████. It was ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████.. Attached to this Complaint as Exhibit 1 is true and correct copy of the Certificate of Registration. Under the Certificate of Registration, the image or the design of the products derived from it is under copyright protection. The Registration Number is ████████████.

9.      In February 2026, Plaintiff has been assigned the Asserted Copyright as reflected by Exhibit 1. The assignment was recorded on ████████████ in the U.S. Copyright Office's Copyright Public Records System.

10.     Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized copies of Asserted Copyright (the "Unauthorized Ornamental Products") through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A. (the "Seller Aliases"). Plaintiff is still investigating the infringing stores and may amend the Schedule A accordingly.

3

11. Defendants operating under the Seller Aliases are sophisticated sellers. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars via credit cards, Alipay, Amazon Pay, Zelle, Venmo, and/or PayPal. Defendants' e-commerce websites include similar elements and keywords like Plaintiff's store. Defendants sell Unauthorized Ornamental Products that have similar designs to Asserted Copyright. To the consumers at large, it would be impossible to realize that the Defendants did not have the authorization to market, offer to sell, or sell the products with the Copyrighted Design.

12. The defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. In this case, the fact common to all defendants is the use and sale of derivatives of the same copyrighted image. *See H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at 3 (N.D. Ill. Mar. 1, 2021). In this case, the defendants have infringed the same image copyrighted by the Plaintiff, which gave rise to the same occurrence of relief sought. The Plaintiff alleges the claims against the Defendants with the same factual and legal backgrounds with the same nature of claims, and is seeking a similar relief among the claims, which satisfies the condition required for joinders. *See Weifang Tengyi Jewelry Trading Co. Ltd v. The P'ships, et al.*, No. 1:18-cv-04651 (N.D. Ill. July 5, 2018) (unpublished) (Docket No. 150) ("[Plaintiff's] claims against [Defendants] rest in substantial part on the same legal and factual grounds as [Plaintiff's] claims against the other defendants, including that [Defendants]

were involved in a counterfeiting network with the other defendants. Given the nature of [Plaintiff's] claims, joinder is proper under Civil Rule 20(a)(2).");

13. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Asserted Copyright.

14. Defendants' infringement of the Asserted Copyright in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Unauthorized Ornamental Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Unauthorized Ornamental Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES COPYRIGHT**
**(17 U.S.C. §§106 and 501)**

15. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

16. Plaintiff is the exclusive licensee of the Asserted Copyright. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce work, to distribute copies of the copyrighted works, to display works, and to authorize the creation of derivative works, which also includes using Copyrighted Design on other commercial products.

17. Defendants have infringed Asserted Copyright by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Unauthorized Ornamental Products that uses Asserted Copyright.

18.     Under Section 106 of Copyright Act, 17 U.S.C. §106, Plaintiff has the exclusive rights, among others, to reproduce and distribute the Copyrighted Design, including using the designs on its Products, and to permit the creation of derivative works incorporating the designs, as well as the right to authorize others to exercise any of the rights. Defendants have infringed many of the exclusive rights set forth in 17 U.S.C. §106.

19.     Defendants' conduct constitutes a separate and distinct act of infringement.

20.     Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

21.     Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 17 U.S.C. §106 *et seq*. Plaintiff is entitled to recover other damages, including attorney's fees, and punitive damages pursuant to 17 U.S.C. §106.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Asserted Copyright;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the

Asserted Copyright; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, Walmart and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the Asserted Copyright;

(3) That Plaintiff be awarded such damages proven at trial against Defendants.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.


Dated May 8, 2026

Respectfully submitted
By: /s/ *Yifeng Hao*
Bar No. 63832
Phone: 909-284-1929
2108 N ST STE 8330
Sacramento, CA 95816
Terence.hao@aliothlaw.com
*Attorney for Plaintiff*