**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SYMMETRIX STUDIOS LLC, | Case No. 26-cv-5336 |
| Plaintiff, | |
| v. | |
| THE DEFENDANTS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN**

**<u>OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff SYMMETRIX STUDIOS LLC ("Plaintiff"), hereby submit this Reply to

Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction

("Response") [46].

**<u>ARGUMENT</u>**

**A. Defendants have received proper notice for preliminary injunction**

Defendants argue that they were not properly served under Hague Convention [46, at 12-

13]. However, when applying for a preliminary injunction, Defendants are not required to be

"served" but "noticed."

Under USCS Fed Rules Civ Proc R 65, a court may issue a preliminary injunction "only

on notice to the adverse party." *See Taylor v. Milwaukee Election Comm'n*, 452 F. Supp. 3d 818

(2020). Similarly, the Rules of the United States Court of Federal Claims provide that a preliminary

injunction may only be issued "on notice to the adverse party."

1

What constitutes sufficient notice is highly dependent on the practicalities and facts of each case. *People ex rel. Hartigan v. Peters*, 871 F.2d 1336 (1989). For example, sending motion papers directly as email attachments can satisfy the notice requirement of Rule 65(a)(1) where such electronic transmission effectively conveys the substance and grounds of the motion. *See Klauber Bros. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 2024 U.S. Dist. LEXIS 8397 (2024).

In the present case, the summons, complaint, and existence of the lawsuit were sent to Defendant's emails as registered with the e-commerce platforms in May 2026. That constitutes sufficient notice required for the preliminary injunction. Defendants' analysis regarding Hague Convention is in fact irrelevant to the issue at this stage.

**B. Plaintiff has shown likelihood of success and validity of copyrights**

Copyright vests upon creation, not upon registration, and is unaffected by subsequent registrations obtained by third parties. Registration is not a condition for copyright protection. Rather, it is a procedural prerequisite for filing infringement actions and requesting certain remedies.

Plaintiff's Asserted Copyright vested upon creation in 2020, a fact that Plaintiff is prepared to substantiate through multiple independent lines of evidence. The mere fact that Defendants obtained a copyright registration in China three years later for a design that is strikingly similar to Plaintiff's work does not render Plaintiff's copyright invalid. To the contrary, it raises serious questions about whether Defendants' asserted work was truly independently designed as claimed, or whether it was, in fact, copied from Plaintiff's earlier

2

work. If anything, the temporal sequence – Plaintiff's alleged 2020 creation predating

Defendants' 2023 registration by three full years – cuts against Defendants, not Plaintiff.

 

Defendants also tried to question Plaintiff's website [46, at 9-10] with information from

Internet Archive tools. However, Defendants' evidence from the Internet Archive is inadmissible

and cannot support the sweeping factual conclusions Defendants urge upon the Court. This kind

of evidence shall satisfy the federal rules governing authentication and hearsay to be valid. *See*

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2004 U.S. Dist. LEXIS 20845; *Specht v.*

*Google Inc.*, 747 F.3d 929.

Defendants have provided no declaration, no affidavit, and no foundational testimony

explaining how the captures were made, whether they are complete, or whether technical

limitations may have prevented the Archive from capturing the page at earlier dates. Indeed, the

Internet Archive's own terms of service expressly disclaim the accuracy and completeness of its

collections, stating: "The Archive does not endorse or sponsor any content in the Collections, nor

does it guarantee or warrant that the content available in the Collections is accurate, complete, or

up to date" (https://archive.org/about/terms). Defendants cannot rely on a source that itself disclaims reliability to establish a factual proposition as serious as fraud.

Even assuming the information could be accepted as evidence, it cannot raise question as to undercut likelihood of success on the merits. The fact that a domain name may have expired at some point is entirely consistent with legitimate business practices. Domain names expire and are renewed regularly; businesses sometimes allow domains to lapse temporarily during transitions. The issue does not cast doubt on the validity of the Asserted Copyright or the authenticity of the claimed creation date.

The fact that the checkout function is currently disabled is explained by Plaintiff's litigation strategy: Plaintiff suspended purchasing functionality after this lawsuit was initiated to preserve the website's evidentiary status and avoid complicating the record.

## C. There is irreparable harm and asset restraint is proper

Defendants argue that there is no irreparable harm "because there is no infringement" [46, at 10]. As shown above, Plaintiff's Asserted Copyright is valid and there is a high potential of infringement. The website's issue cannot weaken the validity of the Asserted Copyright.

First, there is no law to limit the irreparable harm only to sales of infringing products. The risk of inadequacy of legal remedies also concerns. It is necessary to prevent transferring the assets in their accounts and move to new aliases as many online sellers routinely doing.

The asset restraint shall not be limited to only ensure payment of remedy. The sales amount is a relevant factor in deciding damage, but not the only one. Courts consider a variety of factors beyond sales in formulating a statutory damages award, including wide exposure over the Internet,

the value of the copyrights involved, and sufficient deterrence of defendants and potential future counterfeit sellers online.

In similar cases in this District, courts have entered judgments in favor of the copyright owners and awarded substantial statutory damage awards exceeding $100,000 even though there were minimal sales. *See, e.g., Spectrum Brands, Inc. v. I&J Apparel, LLC*, No. 16-cv-741-jdp, 2017 U.S. Dist. LEXIS 80999, at *14 (W.D. Wis. May 25, 2017) (awarding statutory damages of $80,000 for infringement of copyright); *Bell v. Patrick*, No. 1:16-cv-1160-TWP-DML, 2018 U.S. Dist. LEXIS 59685, at *4 (S.D. Ind. Apr. 9, 2018) (awarding statutory damage of $150,000 for copyright infringement); *Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 954 (N.D. Ill. *2019) (awarding Plaintiff statutory damages of $50,000 per Defendant); Grumpy* Cat Ltd. v. Individuals, No. 21-cv-5847, 2022 U.S. Dist. LEXIS 239558, at *5 (N.D. Ill. Mar. 25, 2022) (awarding plaintiff statutory damages of $100,000 per Defendant); *Mercis B.V. v. P'ship*, No. 22-cv-5831, 2023 U.S. Dist. LEXIS 39296, at *7 (N.D. Ill. Jan. 10, 2023) (awarding plaintiff statutory damages of $100,000 per Defendant).

Giving the precedents upholding the large amount of damages over defendants with minimal sales, Defendants' argument using the amount of sales as sole influential factor in the amount of restraint is unreasonable.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendants' challenge, and uphold the previously issued injunctions against Defendants.

Dated July 6, 2026.

Respectfully submitted
By: /s/ *Yifeng Hao*
Bar No. 63832
Phone: 909-284-1929
2108 N ST STE 8330
Sacramento, CA 95816
Terence.hao@aliothlaw.com
*Attorney for Plaintiff*